116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. PARCELL, Plaintiff-Appellant,
v.
CITY of PASADENA; Pasadena Police Department; Jerry
Oliver, Chief of Police of the Pasadena Police Department;
Pasadena Unified School District; Pasadena Board of
Education; Vera Vignes, Elbie Hickambottom, Jarado Blue,
Public Employees, Defendants-Appellees.
 No. 96-55237.
 United States Court of Appeals, Ninth Circuit.
 June 13, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-93-07407-RAP; Richard A. Paez, District Judge, Presiding.
 
 
 2
 Before: HUG, C.J.; FERNANDEZ, and RYMER, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Charles Parcell appeals summary judgment on his claim under 42 U.S.C. § 1983 that the city of Pasadena, the Pasadena police department, the Pasadena chief of police, the Pasadena Unified School District, and several Pasadena school district employees deprived him and conspired to deprive him of his constitutional rights. We have jurisdiction, 28 U.S.C. § 1291, and affirm for the reasons stated in careful detail by the district court.
 
 
 5
 * Parcell's malicious prosecution claim cannot be brought as a substantive due process violation, Albright v. Oliver, 510 U.S. 266, 271 n. 4 (1994), and Parcell does not pursue a procedural due process theory on appeal. Parcell acknowledges that he did not bring his malicious prosecution claim under the Fourth Amendment, see Appellant's Brief at 12, but appears to blame the district court for this error. We fail to see where this gets Parcell, as the district court explicitly advised that a malicious prosecution claim might be cognizable under the Fourth Amendment, see Appellant's Excerpts of Record at 565, and, in any event, it was up to Parcell to preserve the issue for appeal. Under these circumstances, we decline to consider it now.
 
 II
 
 6
 Parcell's contention that his due process rights were violated under the Fourteenth Amendment because his employment termination proceedings continued even after he was found factually innocent of filing a false police report is waived, as it was not presented to the district court. See United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983).
 
 III
 
 7
 Parcell argues that summary judgment was improper on his Miranda claim, but there is no evidence that the September 24, 1992, meeting was custodial. The undisputed evidence shows that Parcell requested the meeting, that it lasted 20-45 minutes in a public restaurant, and that Parcell was not the subject of the investigation at the time.
 
 IV
 
 8
 As there was ample time for discovery, summary judgment was not improper simply because Parcell did not redepose Blue and Burwell. Parcell made no Rule 56(f) motion, but regardless, the district court did not abuse its discretion as the matter had been pending for 18 months and the hearing on the motion for summary judgment was continued twice to allow Parcell time to prepare.
 
 V
 
 9
 Because there is no evidence that Oliver or any school board employee acted improperly, Parcell's Monell claim fails.
 
 VI
 
 10
 We cannot say that Parcell's appeal is wholly frivolous, therefore the request by the city and Chief Oliver for attorneys' fees is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3